STURGIS, Chief Judge.
A complaint verified under oath was filed by Maurice Folsom against Floyd Hart, the appellee, to recover for five unpaid checks executed by Hart. The unsworn answer sets up the affirmative defense of lack of consideration for each of the checks. Folsom died prior to trial and the appellant, Harlow Land, who as executor of Folsom’s estate was substituted in his stead, appeals from a final judgment in Hart’s favor entered pursuant to the verdict of a jury.
On the trial the plaintiff-executor introduced in evidence each of the original checks and rested. The only other evidence produced was the testimony of the defendant in his own behalf. On direct examination he was permitted, over plaintiff’s seasonable and proper objections, to testify that he received no consideration for the checks that he delivered to Folsom, after which he was cross-examined at length by plaintiff’s attorney. At the end of a colloquy between the trial judge and the attorneys for the parties as to the scope of the examination of the defendant as a witness, the trial judge instructed the jury:
“The case will go to you as will be outlined to you by the Court in its charge, based upon the checks themselves which have been introduced in evidence, and the testimony of Mr. Hart that admitted that he gave the checks but that he got no consideration from them. All other testimony except that relating to these five checks will be eliminated * * * and the case will go to you solely upon the checks and their presumed legality and validity of the consideration therefor, and Mr. Hart’s testimony that he made the checks but he didn’t get anything for them.”
At the conclusion of all of the evidence, plaintiff’s motion for a directed verdict was *590 denied; and plaintiff’s post-verdict motion for judgment in accordance with said motion for a directed verdict or, in the alternative, for a new trial, was also denied.
The first point for determination is whether the testimony of the defendant to the effect that he received no consideration for the checks from Folsom, the payee, relates to a transaction or communication between the defendant and a person who at the time of the giving of such testimony is deceased and, upon timely objection, should be excluded under the provisions of Section 90.05 Florida Statutes, F.S.A., commonly known as the Dead Man’s Statute; secondly, assuming the testimony should be excluded, whether one whose timely objection thereto is overruled waives the benefit of the statute by then proceeding to cross-examine the witness on the subject of the erroneously admitted testimony.
In Embrey v. Southern Gas & Electric Corp., Fla., 63 So.2d 258, 263, it was held, in construing the statute, that transactions and communications embrace every variety of affairs which can form the subject of negotiations, interviews, or actions between two persons, and include every method by which one person can derive impressions or information from the conduct, condition, or language of another.
In Small v. Shure, Fla., 94 So.2d 371, the plaintiff-executor of the estate of Rose Shure, deceased, who brought action to recover on written acknowledgments of indebtedness of the defendant, Ann Small, called Ann Small as a witness for plaintiff and inquired whether she received the money represented by each of the written instruments signed by her, to which she replied in the affirmative. Defendant’s attorney then cross-examined the defendant on the subject of that inquiry and reply, and the defendant — continuing in the roll of plaintiff’s witness — attempted but was denied permission to testify that she received no consideration for the written promises to pay money to Mrs. Shure, the deceased, or to explain the circumstances surrounding the transaction. The Supreme Court held that the plaintiff, by making the defendant his witness and inquiring of her if she received the money referred to in the instruments, waived the protection otherwise afforded by the Dead Man’s Statute. In the case now on review, the plaintiff did not make the defendant his witness or inquire of the witness as to transactions with the deceased until cross-examination, prior to which his timely objection to the prohibited testimony had been overruled.
On oral argument appellee admitted that the trial court was in error in the first instance in overruling the several objections to the critical testimony of the defendant to the effect that he received no consideration for the checks, but insists that by cross-examining this same witness the appellant waived the benefit of the statute, citing Rich v. Hunter, 135 Fla. 309, 185 So. 141, 146. That case simply holds that the parties entitled to the protection of the statute may waive it
“by cross-examining the opposite party on the subject, or by any other conduct on the part of the class protected by the statute, evidenced in the record, clearly indicating that they, knowing their rights under the statute, wished to waive the protection afforded thereby.”
It would be an anomaly unprecedented in the law to permit improper testimony to be introduced and then require the party making timely objection to accept it in silence and not so much as cross-examine the witness. We hold, therefore, that where timely and proper objection is made to evidence and the objection overruled, the objecting party is entitled to fully cross-examine on the subject without losing the protection afforded by the Dead Man’s Statute.
Under the applicable law and the testimony before the jury in this cause, there was no alternative but to return a verdict for the plaintiff. Plaintiff’s motion *591 for a directed verdict should have been granted. Accordingly, the subject judgment must be and it is set aside, and this cause is remanded with directions to enter judgment for plaintiff.
WIGGINTON, J., and DAYTON, OR-VIL L., Associate Judge, concur.